UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEXUS GAS TRANSMISSION, LLC,

    Plaintiff,

v.

0.4 ACRES +/- PERMANENT EASEMENT
AND 0.8 +/- TEMPORARY EASEMENT
OF LAND IN AUGUSTA TOWNSHIP,
WASHTENAW COUNTY, MICHIGAN, *et al.*,

    Defendants.

Case No. 17-cv-13220
Hon. Matthew F. Leitman

_____/

# ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR PRELIMINARY INJUNCTION AS TO DEFENDANTS GLENN AND CAROL LADENBERGER ONLY (ECF #5)

In this condemnation action brought under the Natural Gas Act, 15 U.S.C. § 717f(h), Plaintiff NEXUS Gas Transmission, LLC seeks to acquire by condemnation an easement over property owned by Defendants Glenn and Carol Ladenberger. (*See* ECF #1.) NEXUS has now moved for partial summary judgment and for a preliminary injunction that grants it immediate access to and use of the easement. (*See* ECF #5.) For the reasons that follow, NEXUS' motion is **GRANTED**.

# I

NEXUS is a natural gas company that plans to construct, operate, and maintain an interstate natural gas pipeline system over 257.5 miles of Ohio and Michigan. In order to construct the pipeline, NEXUS requires easements over many different tracts of property. NEXUS has acquired voluntary easements over nearly all of the necessary property, but it was unable to acquire an easement over property owned by the Ladenbergers (the "Easement").[1] The description of the Easement is attached to this Order as Exhibit A.

As a result, on October 2, 2017, NEXUS filed a Complaint for Condemnation in this Court pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h). (*See* Compl., ECF #1.) In the Complaint, NEXUS asks the Court for:

> (1) an order establishing that NEXUS has the authority to condemn the [Easement]; (2) an order granting NEXUS immediate access to and use of the Easement[]…; and (3) [a] determination and award of just compensation attributable to NEXUS' acquisition of the Easement[].

(Compl., ECF #1 at Pg. ID 2.)

NEXUS also filed a motion for partial summary judgment and preliminary injunction. (*See* ECF #5.) In that motion, NEXUS sought "an order (1) confirming

---

[1] NEXUS was also unable to obtain an easement over land owned by Defendant M & BK, LLC. Since the filing of this action, NEXUS and M & BK have resolved their dispute.

NEXUS' condemnation authority under the Natural Gas Act, 15 U.S.C. § 717f(h); and (2) granting NEXUS immediate access to and possession of the [E]asement[] … and also enjoins Defendants from interfering with NEXUS' right of access." (ECF #5 at Pg. ID 130.) NEXUS also requested that the Court set an expedited schedule for its motion so that it did not have to delay construction of the pipeline. (*See id.* at Pg. ID 132.)

The Court issued an order on October 11, 2017, in which it (1) required the Ladenbergers to respond to NEXUS' motion by no later than October 16, 2017, and (2) set a hearing on the motion for October 18, 2017. (*See* ECF #11.) The Ladenbergers did not file any opposition to the motion, but they did appear at the scheduled hearing on October 18.

## II

The Court begins with NEXUS' request for partial summary judgment. In order to establish the right to condemn the Easement, NEXUS must establish that: (1) the Federal Energy Regulatory Commission ("FERC") has issued a certificate of public convenience and necessity to NEXUS authorizing the pipeline project; (2) the use of Easement is necessary for construction and operation of the pipeline project; and (3) NEXUS cannot acquire the Easement by contract and has been unable to agree with the Ladenbergers on compensation for the Easement. *See* 15 U.S.C. § 717f(h). *See also Rover Pipeline v. 1.23 Acres of Land*, Case No. 17-cv-10365 (E.D.

Mich. Mar. 10, 2017), Dkt. #640 at Pg. ID 7965-66 (stating requirements under the Natural Gas Act).

NEXUS has presented evidence that it has satisfied all three of these conditions, including that FERC has provided it a certificate of public convenience and necessity authorizing the pipeline project. (*See* ECF #5-2.) The Ladenbergers have not presented any counter-evidence or otherwise disputed the evidence NEXUS has submitted. Accordingly, there is no factual dispute that NEXUS has satisfied all three requirements under the Natural Gas Act.

At the hearing on NEXUS' motion, the Ladenbergers argued that the condemnation of the Easement would violate the Fifth Amendment's Takings Clause. However, the Ladenbergers were unable to cite any authority for that proposition, and at least one federal district court has rejected that argument when raised by a party objecting to a condemnation of property under the Natural Gas Act. *See Equitrans, L.P. v. 0.56 Acres*, 145 F.Supp.3d 622, 639-31 (N.D. W.Va. 2015) ("[B]ecause Equitrans' complaint is sufficient to state a condemnation claim under § 717f(h) and that section satisfies the Fifth Amendment, Equitrans' claim does not facially violate the Fifth Amendment"). On this record, and in the absence of any authority presented by the Ladenbergers, the Court is not prepared to hold that condemnation of the Easement violates the Takings Clause.

Accordingly, based on the record and arguments presented, the Court **GRANTS** NEXUS partial summary judgment. Pursuant to the Natural Gas Act, as the holder of a valid certificate of public convenience and necessity issued by FERC, NEXUS has the substantive right to condemn the Easement for the pipeline project.

**III**

The Court now turns to NEXUS' request for a preliminary injunction. NEXUS asks the Court to "grant [it] immediate access to and possession of the" Easement. (ECF #5 at Pg. ID 131-32.) When a court considers a motion for a preliminary injunction, it must weigh four factors:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction.

*Certified Restoration v. Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). Here, based on the record before the Court, and in the absence of any counterarguments or counter-authority from the Ladenbergers on the injunction factors, these factors weigh in favor of granting NEXUS its requested preliminary injunction.

First, NEXUS does not just have a "strong likelihood of success on the merits," as determined above, it has already succeeded on the merits of its condemnation claim. This factor therefore weighs heavily in favor of the injunction.

*See Columbia Gas Transmission, LLC v. 1.01 Acres*, 768 F.3d 300, 314-15 (3d Cir. 2014) (concluding first factor of test for preliminary injunction was satisfied where gas company had right to easement under Natural Gas Act).

Second, courts have repeatedly found irreparable harm where, as here, a gas company needs to proceed with construction of a pipeline in a certain order and where construction delays or proceeding out of sequence could add substantial costs to the project. *See id.* at 315-16; *Guardian Pipeline, LLC v. 2295.49 Acres of Land*, 2008 WL 1751358, at *22 (E.D. Wis. Apr. 11, 2008); *Rover Pipeline*, Dkt. #640 at Pg. ID 7970-73 (concluding that pipeline company would "likely suffer irreparable harm if it [was] not granted immediate access" to the requested easements). And the Ladenbergers have not presented any arguments, evidence, or authority that NEXUS' alleged harm is not irreparable.

Third, the injunction is not likely to cause any substantial harm to the Ladenbergers. Indeed, the Ladenbergers "have not stated any concrete injury other than the loss of the easement[] over their land, which will definitely occur, whether or not [the Court] grant[s] [NEXUS] immediate possession of the easement[]." *Columbia Gas Transmission*, 768 F.3d at 316.

Finally, by granting NEXUS a certificate to begin construction as soon as the necessary easements are acquired, FERC has concluded that construction of the pipeline is in the public interest. On this record, the Court agrees.

When the Court weighs these factors based upon the record and arguments presented here, it concludes that NEXUS is entitled to preliminary injunctive relief. NEXUS is therefore granted immediate possession of the Easement.

**IV**

For all of the reasons stated above, **IT IS HEREBY ORDERED** NEXUS' motion for partial summary judgment and preliminary injunction is **GRANTED** as follows:

1) NEXUS has a substantive right to condemn the Easement under the Natural Gas Act, 15 U.S.C. § 717f(h);

2) NEXUS may immediately access and take possession of the Easement; and

3) The Ladenbergers are enjoined from interfering with NEXUS' right of access to and use of the Easement.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 23, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 23, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764